IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAURICE CANTY, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-1051 |
| | § | |
| RICK THALER, | § | |
| | § | |
| *Respondent*. | § | |

## MEMORANDUM OPINION AND ORDER

Maurice Canty, a state inmate proceeding *pro se*, seeks habeas corpus relief under 28 U.S.C. § 2254 challenging his state conviction for attempted capital murder. Respondent filed a motion for summary judgment based on expiration of limitations. (Docket Entry No. 9.) Petitioner filed a response. (Docket Entry No. 10.)

After careful consideration of the pleadings, the motion and the response, the record, and the applicable law, the Court GRANTS summary judgment and DISMISSES this case for the reasons that follow.

### *Procedural Background and Claims*

A jury found petitioner guilty of attempted capital murder on June 21, 2005, and assessed punishment at ninety-nine years imprisonment. The conviction was affirmed on appeal. *Canty v. State*, No.14-05-00639-CR (Tex. App. – Houston [14th Dist.] 2006, pet. ref'd) (not designated for publication). The Texas Court of Criminal Appeals refused

discretionary review on February 14, 2007.  Petitioner's application for state habeas relief, filed on June 6, 2008, was denied by the Texas Court of Criminal Appeals without a written order on August 20, 2008.

Petitioner filed the instant federal habeas petition on April 3, 2009, complaining under four grounds that, because the State failed to prove the element of criminal intent, the conviction is void.  Respondent seeks summary judgment dismissal of the petition as barred by limitations.  Petitioner argues that limitations does not apply to void convictions.

### *Analysis*

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254.  Under AEDPA,

(d)(1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2

    (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)-(2).

The Texas Court of Criminal Appeals refused discretionary review on February 14, 2007. Accordingly, petitioner's conviction became final for purposes of AEDPA ninety days later, on May 14, 2007. SUP. CT. R. 13.1. The AEDPA one-year limitation expired on or about May 14, 2008. Petitioner's application for state habeas relief was filed on June 6, 2008, after expiration of limitations, and had no federal tolling effect. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the AEDPA statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period). Respondent correctly argues that the instant petition, filed on April 3, 2009, is barred by limitations.

In his response to the motion for summary judgment, petitioner argues that the AEDPA limitation is inapplicable because his conviction is "void" due to the State's failure to prove intent to kill. (Docket Entry No. 10.) Petitioner's complaint is in the nature of a challenge to the sufficiency of the evidence, and does not negate application of the one-year limitation. Regardless, this Court agrees with other federal district and circuit courts holding that a federal habeas petitioner cannot "evade the effect of the statute of limitations by the simple expedient of arguing that his conviction is void." *Randall v. Director*, *TDCJ-CID*, C.A. No. 2-07-CV-204, 2008 WL 2128231, at *2 (E. D. Tex. 2008); *see also Nortonsen v.*

*Reid*, 133 F. App'x 509, 510-11, 2005 WL 1253964, at *1-2 (10th Cir. 2005) (holding that a petitioner cannot avoid dismissal on limitations grounds by arguing that his state sentence is void); *Madina v. Cain*, C. A. No. 05-2126, 2006 WL 2726506, at *3 (E.D. La. 2006) (rejecting novel argument that AEDPA limitations period runs only on sentences which were validly imposed); *Willis v. Dretke*, C.A. No. 3-03-CV-1284-G, 2005 WL 39053-55, at *3 (N.D. Tex. 2005) (holding petitioner not entitled to equitable tolling of AEDPA statute of limitations based on argument that trial court lacked jurisdiction); *U.S. v. Fisher*, C.A. No. 3:08-CV-1609-D, 2008 WL 5061670, at *3 (N.D. Tex. 2008) (same).   Although a petitioner's claim that his conviction is void may provide a basis for habeas relief if proven, it provides no basis for statutorily or equitably tolling the AEDPA limitations period under either existing case law or provisions of the federal statute itself.

Petitioner not shown that he was subject to state action that impeded him from filing the instant petition in a timely manner.  *See* 28 U.S.C. § 2244(d)(1)(B).  Further, there is no showing of a newly recognized constitutional right upon which the petition is based, nor is there a factual predicate for the claim that could not have been discovered previously if the petitioner had acted with due diligence.  *See* 28 U.S.C. §§ 2244(d)(1)(C), (D).  Accordingly, there is no statutory basis to save petitioner's untimely federal petition.

Nor does the record reveal any grounds for application of equitable tolling.  Petitioner bears the burden of proof concerning equitable tolling, and must demonstrate "rare and exceptional circumstances" warranting application of the doctrine.  *Felder v. Johnson,* 204

4

F.3d 168, 171-72 (5th Cir. 2000).  Petitioner presents no reasons why he was unable to file timely the instant petition.  *See id.* (discussing the availability of equitable tolling in the context of habeas corpus under the AEDPA, and noting that neither ignorance of the law, lack of knowledge of filing deadlines, a prisoner's *pro se* status, lack of access to federal statutes and case law, incarceration, illiteracy, deafness, lack of legal training, nor actual innocence claims support equitable tolling of the AEDPA statute of limitations).

The instant federal petition is barred by limitations.

### Conclusion

Respondent's motion for summary judgment (Docket Entry No. 9) is GRANTED. The petition for habeas relief is DENIED, and this case is DISMISSED WITH PREJUDICE. A certificate of appealability is DENIED.  Any and all pending motions are DENIED AS MOOT.

The Clerk is to provide a copy of this order to all parties.

Signed at Houston, Texas, on December 15, 2009.

_____
Gray H. Miller
United States District Judge